**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4280**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RENAULD SYLVESTER CURTIS,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:04-cr-00050-BR-1)

─────────

Submitted: September 26, 2014     Decided: October 16, 2014

─────────

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renauld Sylvester Curtis appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months' imprisonment. Curtis contends that his sentence is both procedurally and substantively unreasonable because the court considered an impermissible sentencing factor. Because Curtis did not raise this issue in the district court, review is for plain error. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Under plain error review, Curtis must show that (1) the court erred, (2) the error was clear and obvious, and (3) the error affected his substantial rights. Id. at 640-41. Even if Curtis meets his burden, we retain discretion to recognize the error and will deny relief unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks omitted). Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." Webb, 738 F.3d at 640. We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, this court first assesses the sentence for unreasonableness,

2

following the procedural and substantive considerations that are at issue during its review of original sentences. Id. at 438-39. In this initial inquiry, we take a more "deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

In exercising its discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Webb, 738 F.3d at 641. "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)). In determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) (2012) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a). One of the excluded factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide

3

just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A), Crudup, 461 F.3d at 439.

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the Guidelines' Chapter 7 advisory policy statement range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is *plainly* unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

We have recognized that "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Webb, 738 F.3d at 641. As long as a court does not base a revocation sentence predominately on the

4

§ 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors."  Id. at 642.

We conclude that the district court imposed the eighteen month sentence predominately on permitted factors and referenced "respect for the law" in conjunction with the need to sanction Curtis for his breach of trust and to deter him and others from violating conditions of release in the future.  See Webb, 738 F.3d at 642 (references to omitted sentencing factors were related to references to permissible sentencing factors). Accordingly, we find no procedural or substantive error with the sentence.  Even if there was error, Curtis has not shown that the district court would have imposed a sentence below the low end of the Chapter Seven Guidelines sentence.

We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED